# Composite Exhibit "A"

Filing # 53921424 E-Filed 03/20/2017 10:24:32 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

LARISSA SILVEIRA,

Plaintiff,

vs.

BARDAN INTERNATIONAL, INC., and
MARIA BENITEZ,

Defendants.

CASE NO:

_____/

## COMPLAINT

1.      Plaintiff, Larissa Silveira ("Plaintiff"), was an employee of Defendants, Bardan International, Inc. ("Bardan"), and Maria Benitez ("Benitez") (collectively "Defendants"), and bring this action for overtime compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 *et. seq.*, as well as to assert claims against Defendants for civil battery.  In support thereof, Plaintiff states as follows:

## JURISDICTION

1.      This is an action for monetary damages in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of costs, interest, and attorney fees, by the Plaintiff against the Defendants.

2.      At all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida, and is *sui juris*.

3.      Plaintiff is a covered employee for the purposes of the FLSA.

4.      At all times material hereto, Defendant Bardan was a for profit corporation with its principle place of business in Miami-Dade County, Florida.

1

5.     Defendant Bardan is within the personal jurisdiction and venue of this Court.

6.     At all times material hereto, Defendant Benitez was an owner and/or manager of Defendant Bardan and is otherwise *sui juris*.

7.     Defendant Benitez is within the personal jurisdiction and venue of this Court.

8.     Venue is proper in Miami-Dade County, Florida, as at all times material hereto, the Defendants' acts and/or omissions set forth herein occurred within Miami-Dade County, Florida.

9.     Plaintiff has exhausted all administrative remedies, if any, and has fulfilled all conditions precedent to the institution of this action or said conditions have been waived.

10.    Plaintiff has retained the law firm of Jonathan S. Minick, P.A. to represent her and has incurred attorneys' fees and costs in bringing this action.

## GENERAL ALLEGATIONS

11.    At all times material hereto, Plaintiff was an employee of the Defendants and performed non-exempt duties as Defendant Benitez's personal assistant during the material time period.

12.    At all times pertinent to this Complaint, the Defendant Bardan operated an organization which sells and/or markets its services and/or goods and/or materials to customers and also provides its services for goods sold and transported from across state lines, and Defendant Bardan obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce.

13.    For example, Plaintiff's duties involved, *inter alia*, coordinating travel arrangements and attending trade shows with the Defendants in Las Vegas, Nevada and Sao Paulo,

Brazil, maintaining purchase orders and communicating with Defendants' customers throughout the United States and the world, as well as managing several of Defendants real property locations.

14.     Upon information and belief, the annual gross revenue of the corporate Defendant was at all times material hereto in excess of $500,000.00 per annum.

15.     By reason of the foregoing, Defendant Bardan is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

16.     Alternatively, the Plaintiff worked in interstate commerce so as to fall within the protections of the Act.

17.     Defendant Benitez is an owner of Defendant Bardan, which is a for-profit business located in Miami-Dade County, Florida, and employs persons such as Plaintiff to work on her behalf in providing labor for her business.

18.     At all times material hereto, Defendant Benitez, managed, owned and/or operated Defendant Bardan and regularly exercised the authority to control the terms and conditions of Plaintiff's employment.  For example, Defendant Bardan had the ability to hire and fire the Plaintiff, determine the work schedule of the Plaintiff, set the rate of pay of the Plaintiff, and control the finances and operations of her business. By virtue of such control and authority, Defendant Bardan was an employer of Plaintiff as such term is defined by 29 U.S.C. §203(d)

**COUNT I – UNPAID OVERTIME WAGES AGAINST ALL DEFENDANTS**

19.     Plaintiff re-alleges and incorporates herein by reference, all allegations contained in Paragraphs 1 through 18 above.

20.     Defendants are engaged in a retail business selling, among other things, movie theater products to clients and business throughout the United States and the world.

3

21.    Plaintiff was employed as a personal assistant by the Defendants from approximately August 2012 through January 6, 2017.

22.    During the material time period, Plaintiff was compensated on a salary basis at a rate of $1,316.00 every two weeks while performing work on behalf of the Defendants, and worked approximately sixty (60) hours per week.

23.    Additionally, two-times per year Plaintiff was required to travel to Las Vegas, Nevada and Sao Paulo, Brazil where Plaintiff worked approximately seventy-five (75) hours per week.

24.    Plaintiff was not paid overtime wages for overtime hours worked in excess of forty hours weekly as required by the Fair Labor Standards Act. The failure to pay these overtime hours resulted in an overtime violation.

25.    At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §§201–209 in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff compensation at an overtime rate which she was lawfully entitled.

26.    Defendants intentionally failed to pay Plaintiff overtime wages as Defendants had knowledge of Plaintiff's schedule and the overtime hours that Plaintiff worked, and showed reckless disregard by failing to comply with the provisions of the FLSA. Defendants remain owing Plaintiff these overtime wages during the material time period as set forth above, and Plaintiff is entitled to recover double damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, joint and severally, for the payment of compensation for all overtime hours at one and one-half her regular rate of pay

for which she has not been properly compensated, liquidated damages, reasonable attorney's fees and costs of suit, and for all other appropriate relief including prejudgment interest.

## <u>COUNT II – BATTERY AGAINST ALL DEFENDANTS</u>

27.     Plaintiff re-alleges and incorporates herein by reference, all allegations contained in Paragraphs 1 through 18 above.

28.     At all times material to this action, Bardan was authorized to do business and was doing business in the State of Florida.

29.     At all times material to this action, Defendant Benitez was an owner of Defendant Bardan.

30.     At all times material to this action, Defendant Benitez was acting within the course and scope of her employment with Defendant Bardan.

31.     At all times material to this action, Defendant Benitez was acting in the misguided and overzealous furtherance of Defendant Bardan's interests.

32.     Plaintiff was employed as a personal assistant by the Defendants from approximately August 2012 through January 6, 2017.

33.     Throughout Plaintiff's employment with the Defendants, Defendant Benitez consistently bullied the Plaintiff by cursing at her, treating the Plaintiff with disrespect, not permitting the Plaintiff to take lunch breaks, and keeping the Plaintiff in a constant state of fear.

34.     On January 6, 2017, Plaintiff entered Defendants' job location and was immediately summoned into Defendant Benitez's office. Upon entering Defendant Benitez's office, Defendant instantly began screaming and cursing at the Plaintiff, called her a "f**king whore, *slapped her across the face*, ordered her to "get the f**k out," and terminated her employment.

35.     Defendant Benitez made the above statements to the Plaintiff within listening distance and within view of Plaintiff's coworkers.

36.     Defendant Benitez's battery and disparaging comments to Plaintiff has caused the Plaintiff physical injury, as well as emotional embarrassment and humiliation,

37.     Immediately following Defendant Benitez's unlawful battery, the Plaintiff reported the incident to Miami Police Dept. and the Miami-Dade County State Attorney's Office (Case No.: 170106-005862).

38.     At no time did the Plaintiff consent to any of the acts of Defendant Benitez alleged herein.

39.     At all times material hereto, Defendant Benitez was a "managing agent," of Defendant Bardan.

40.     Defendant Bardan therefore, is directly liable to Plaintiff for any and all damages alleged regarding the actions of Defendant Benitez.

41.     Alternatively, Defendant Bardan is liable to Plaintiff for the alleged conduct of Defendant Benitez because Defendant Bardan subsequently ratified Defendant Benitez's conduct.

42.     As a direct and proximate consequence of the inappropriate touching and conduct of Defendant Benitez, Plaintiff suffered embarrassment, humiliation, emotion distress and the loss of capacity for the enjoyment of life. The losses are either permanent in nature or continuing, and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, demands judgment against Defendants, jointly and severally, for compensatory damages, court costs, and other relief this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

43.     Plaintiff demands trial by jury as to all issues so triable.

6

Dated:  March 20, 2017

Respectfully submitted,

s/Jonathan S. Minick
Jonathan S. Minick, Esq.
FBN:  88743
E-mail:  jminick@jsmlawpa.com
Jonathan S. Minick, P.A.
1850 SW 8th Street, Suite 307
Miami, Florida 33135
Phone: (786) 441-8909
Facsimile: (786) 523-0610
Counsel for Plaintiff

Filing # 53921424 E-Filed 03/20/2017 10:24:32 AM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Larissa Silveira</u>
Plaintiff
vs.
<u>Bardan International, Inc., Maria Benitez</u>
Defendant

**II.      TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,00 or more

- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☒ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.     **REMEDIES SOUGHT** (check all that apply):
- ☒   Monetary;
- ☐   Non-monetary
- ☐   Non-monetary declaratory or injunctive relief;
- ☐   Punitive

IV.     **NUMBER OF CAUSES OF ACTION: (    )**
(Specify)

    <u>2</u>

V.     **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐   Yes
- ☒   No

VI.     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒   No
- ☐   Yes – If "yes" list all related cases by name, case number and court:

VII.     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒   Yes
- ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Jonathan S. Minick</u>     FL Bar No.: <u>88743</u>
    Attorney or party                             (Bar number, if attorney)

    <u>Jonathan S. Minick</u>     <u>03/20/2017</u>
        (Type or print name)                       Date

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

LARISSA SILVEIRA,

Plaintiff,                                         CASE NO: 2017-006587-CA-01

vs.

BARDAN INTERNATIONAL, INC., and
MARIA BENITEZ,

Defendants.

_____/

## CIVIL ACTION SUMMONS

TO:

BARDAN INTERNATIONAL, INC.
c/o Registered Agent
Maria F. Benitez
520 Brickell Key Drive
Suite O-305
Miami, FL 33131

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

Jonathan S. Minick, Esq.
Florida Bar No. 88743
1850 S.W. 8th Street, Suite 307
Miami, FL 33135
Direct Dial: 786.441.8909

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also fie your
answer with the Clerk of this Court within a reasonable period of time after service.

DATED on ___MAR 2 3 2017___

Clerk of the Court,

ROMERT OCASIO

By _____
Deputy Clerk

Filing # 53921424 E-Filed 03/20/2017 10:24:32 AM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

I.    **CASE STYLE**

IN THE CIRCUIT COURT OF THE ELEVENTH   JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE   COUNTY, FLORIDA

Case No.:_____
Judge: _____

Larissa Silveira
Plaintiff

vs.

Bardan International, Inc., Maria Benitez
Defendant

II.    **TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,00 or more

- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☒ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.   **REMEDIES SOUGHT** (check all that apply):
- ☒   Monetary;
- ☐   Non-monetary
- ☐   Non-monetary declaratory or injunctive relief;
- ☐   Punitive

IV.   **NUMBER OF CAUSES OF ACTION: (    )**
(Specify)

2

V.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐   Yes
- ☒   No

VI.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒   No
- ☐   Yes – If "yes" list all related cases by name, case number and court:

VII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒   Yes
- ☐   No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature s/ Jonathan S. Minick      FL Bar No.: 88743
Attorney or party                                              (Bar number, if attorney)

Jonathan S. Minick      03/20/2017
(Type or print name)                                Date

Filing # 53921424 E-Filed 03/20/2017 10:24:32 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

LARISSA SILVEIRA,

CASE NO:

Plaintiff,

vs.

BARDAN INTERNATIONAL, INC., and
MARIA BENITEZ,

Defendants.

_____/

## **COMPLAINT**

1.      Plaintiff, Larissa Silveira ("Plaintiff"), was an employee of Defendants, Bardan
International, Inc. ("Bardan"), and Maria Benitez ("Benitez") (collectively "Defendants"), and
bring this action for overtime compensation and other relief under the Fair Labor Standards Act,
as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 *et. seq*., as well as to assert claims against
Defendants for civil battery.  In support thereof, Plaintiff states as follows:

## **JURISDICTION**

1.      This is an action for monetary damages in excess of Fifteen Thousand Dollars
($15,000.00) exclusive of costs, interest, and attorney fees, by the Plaintiff against the Defendants.

2.      At all times material hereto, Plaintiff was a resident of Miami-Dade County,
Florida, and is *sui juris*.

3.      Plaintiff is a covered employee for the purposes of the FLSA.

4.      At all times material hereto, Defendant Bardan was a for profit corporation with its
principle place of business in Miami-Dade County, Florida.

5.     Defendant Bardan is within the personal jurisdiction and venue of this Court.

6.     At all times material hereto, Defendant Benitez was an owner and/or manager of Defendant Bardan and is otherwise *sui juris*.

7.     Defendant Benitez is within the personal jurisdiction and venue of this Court.

8.     Venue is proper in Miami-Dade County, Florida, as at all times material hereto, the Defendants' acts and/or omissions set forth herein occurred within Miami-Dade County, Florida.

9.     Plaintiff has exhausted all administrative remedies, if any, and has fulfilled all conditions precedent to the institution of this action or said conditions have been waived.

10.     Plaintiff has retained the law firm of Jonathan S. Minick, P.A. to represent her and has incurred attorneys' fees and costs in bringing this action.

## GENERAL ALLEGATIONS

11.     At all times material hereto, Plaintiff was an employee of the Defendants and performed non-exempt duties as Defendant Benitez's personal assistant during the material time period.

12.     At all times pertinent to this Complaint, the Defendant Bardan operated an organization which sells and/or markets its services and/or goods and/or materials to customers and also provides its services for goods sold and transported from across state lines, and Defendant Bardan obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce.

13.     For example, Plaintiff's duties involved, *inter alia*, coordinating travel arrangements and attending trade shows with the Defendants in Las Vegas, Nevada and Sao Paulo,

2

Brazil, maintaining purchase orders and communicating with Defendants' customers throughout the United States and the world, as well as managing several of Defendants real property locations.

14.    Upon information and belief, the annual gross revenue of the corporate Defendant was at all times material hereto in excess of $500,000.00 per annum.

15.    By reason of the foregoing, Defendant Bardan is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

16.    Alternatively, the Plaintiff worked in interstate commerce so as to fall within the protections of the Act.

17.    Defendant Benitez is an owner of Defendant Bardan, which is a for-profit business located in Miami-Dade County, Florida, and employs persons such as Plaintiff to work on her behalf in providing labor for her business.

18.    At all times material hereto, Defendant Benitez, managed, owned and/or operated Defendant Bardan and regularly exercised the authority to control the terms and conditions of Plaintiff's employment.  For example, Defendant Bardan had the ability to hire and fire the Plaintiff, determine the work schedule of the Plaintiff, set the rate of pay of the Plaintiff, and control the finances and operations of her business. By virtue of such control and authority, Defendant Bardan was an employer of Plaintiff as such term is defined by 29 U.S.C. §203(d)

### COUNT I – UNPAID OVERTIME WAGES AGAINST ALL DEFENDANTS

19.    Plaintiff re-alleges and incorporates herein by reference, all allegations contained in Paragraphs 1 through 18 above.

20.    Defendants are engaged in a retail business selling, among other things, movie theater products to clients and business throughout the United States and the world.

3

21.    Plaintiff was employed as a personal assistant by the Defendants from approximately August 2012 through January 6, 2017.

22.    During the material time period, Plaintiff was compensated on a salary basis at a rate of $1,316.00 every two weeks while performing work on behalf of the Defendants, and worked approximately sixty (60) hours per week.

23.    Additionally, two-times per year Plaintiff was required to travel to Las Vegas, Nevada and Sao Paulo, Brazil where Plaintiff worked approximately seventy-five (75) hours per week.

24.    Plaintiff was not paid overtime wages for overtime hours worked in excess of forty hours weekly as required by the Fair Labor Standards Act. The failure to pay these overtime hours resulted in an overtime violation.

25.    At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §§201–209 in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff compensation at an overtime rate which she was lawfully entitled.

26.    Defendants intentionally failed to pay Plaintiff overtime wages as Defendants had knowledge of Plaintiff's schedule and the overtime hours that Plaintiff worked, and showed reckless disregard by failing to comply with the provisions of the FLSA. Defendants remain owing Plaintiff these overtime wages during the material time period as set forth above, and Plaintiff is entitled to recover double damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, joint and severally, for the payment of compensation for all overtime hours at one and one-half her regular rate of pay

for which she has not been properly compensated, liquidated damages, reasonable attorney's fees and costs of suit, and for all other appropriate relief including prejudgment interest.

## COUNT II – BATTERY AGAINST ALL DEFENDANTS

27.     Plaintiff re-alleges and incorporates herein by reference, all allegations contained in Paragraphs 1 through 18 above.

28.     At all times material to this action, Bardan was authorized to do business and was doing business in the State of Florida.

29.     At all times material to this action, Defendant Benitez was an owner of Defendant Bardan.

30.     At all times material to this action, Defendant Benitez was acting within the course and scope of her employment with Defendant Bardan.

31.     At all times material to this action, Defendant Benitez was acting in the misguided and overzealous furtherance of Defendant Bardan's interests.

32.     Plaintiff was employed as a personal assistant by the Defendants from approximately August 2012 through January 6, 2017.

33.     Throughout Plaintiff's employment with the Defendants, Defendant Benitez consistently bullied the Plaintiff by cursing at her, treating the Plaintiff with disrespect, not permitting the Plaintiff to take lunch breaks, and keeping the Plaintiff in a constant state of fear.

34.     On January 6, 2017, Plaintiff entered Defendants' job location and was immediately summoned into Defendant Benitez's office.  Upon entering Defendant Benitez's office, Defendant instantly began screaming and cursing at the Plaintiff, called her a "f**king whore, *slapped her across the face*, ordered her to "get the f**k out," and terminated her employment.

5

35.     Defendant Benitez made the above statements to the Plaintiff within listening distance and within view of Plaintiff's coworkers.

36.     Defendant Benitez's battery and disparaging comments to Plaintiff has caused the Plaintiff physical injury, as well as emotional embarrassment and humiliation,

37.     Immediately following Defendant Benitez's unlawful battery, the Plaintiff reported the incident to Miami Police Dept. and the Miami-Dade County State Attorney's Office (Case No.: 170106-005862).

38.     At no time did the Plaintiff consent to any of the acts of Defendant Benitez alleged herein.

39.     At all times material hereto, Defendant Benitez was a "managing agent," of Defendant Bardan.

40.     Defendant Bardan therefore, is directly liable to Plaintiff for any and all damages alleged regarding the actions of Defendant Benitez.

41.     Alternatively, Defendant Bardan is liable to Plaintiff for the alleged conduct of Defendant Benitez because Defendant Bardan subsequently ratified Defendant Benitez's conduct.

42.     As a direct and proximate consequence of the inappropriate touching and conduct of Defendant Benitez, Plaintiff suffered embarrassment, humiliation, emotion distress and the loss of capacity for the enjoyment of life. The losses are either permanent in nature or continuing, and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, demands judgment against Defendants, jointly and severally, for compensatory damages, court costs, and other relief this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

43.     Plaintiff demands trial by jury as to all issues so triable.

6

Dated:  March 20, 2017

Respectfully submitted,

s/Jonathan S. Minick
Jonathan S. Minick, Esq.
FBN:  88743
E-mail:  jminick@jsmlawpa.com
Jonathan S. Minick, P.A.
1850 SW 8th Street, Suite 307
Miami, Florida 33135
Phone: (786) 441-8909
Facsimile: (786) 523-0610
Counsel for Plaintiff

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☐ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | WAIVER OF SERVICE OF PROCESS<br>(c) Forms for Services by Mail.<br>(2) Waiver of Service of Process. | CASE NUMBER |
|---|---|---|
| PLAINTIFF(S)              VS. DEFENDANT(S) | | CLOCK IN |

**TO:**

I acknowledge receipt of your request that I waive service of process in the lawsuit of _____ v. _____ in the ☐ Circuit ☐ County Court in _____. I have also received a copy of the complaint, two copies of this waiver, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service process and an additional copy of the complaint in this lawsuit by not requiring that I, (or the entity on whose behalf I am acting), be served with judicial process in the manner provided by Fla. R. Civ. P.1.070.

If I am not the defendant to whom the notice of lawsuit and waiver of service of process was sent, and my authority to accept service on behalf of such person or entity is as follows: I declare that my relationship to the entity or person to whom the notice was sent and my authority to accept service on behalf of such person or entity is as follows:

(describe relationship to person or entity and authority to accept service) _____

_____.

        I, (or the entity on whose behalf I am acting), will retain all defense or objections to the lawsuit or to the jurisdiction or venue of the court except for any objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me, (or the party on whose behalf I am acting), if a written response is not served upon you within 60 days from the date I received the notice of lawsuit and request for waiver of service of process.

        DATED ON _____

_____
Defendant or Defendant's Representative

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

Home (http://www.miami-dadeclerk.com/home.asp)
Online Services (http://www.miami-dadeclerk.com/online_services.asp)
About Us (http://www.miami-dadeclerk.com/about.asp)
Contact Us (http://www.miami-dadeclerk.com/contact.asp)
My Account (https://www2.miami-dadeclerk.com/PremierServices/login.aspx)



## Miami-Dade County Civil, Family and Probate Courts Online System

◀◀ Back to Search

### LARISSA SILVEIRA VS BARDAN INTERNATIONAL, INC. ET AL

**Local Case Number:** 2017-006587-CA-01

**Filing Date:** 03/20/2017

**State Case Number:** 132017CA006587000001

**Case Type:** Other Civil Complaint

**Consolidated Case No.:** N/A

**Judicial Section:** CA10

**Case Status:** OPEN

👥 **Parties**　　Number of Parties: 3 ➕

🔧 **Hearing Details**　　Number of Hearing: 0 ➕

📡 **Dockets**　　Dockets Retrieved: 8 ➖

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 6 | 03/23/2017 | | Receipt: | Event | RECEIPT#:2570007 AMT PAID:$20.00 ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 2 $10.00 $20.00 TENDER TYPE:AMERICAN EXPRESS TENDER AMT:$80.00 RECEIPT DATE:03/23/2017 REGISTER#:257 CASHIER:ROJ |
| | 03/23/2017 | | 20 Day Summons Issued | Service | |
| 5 | 03/23/2017 | | 20 Day Summons Issued | Event | *Parties: Benitez Maria* |
| | 03/23/2017 | | 20 Day Summons Issued | Service | |
| 4 | 03/23/2017 | | 20 Day Summons Issued | Event | *Parties: Bardan International Inc.* |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | 3 | 03/21/2017 | | Receipt: | Event | RECEIPT#:3550210 AMT PAID:$401.00 NAME:JONATHAN S MINICK ESQ 1850 SW 8TH ST STE 307 MIAMI FL 33135-3435 ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT:$401.00 RECEI |
| 📄 | 2 | 03/20/2017 | | Complaint | Event | |
| 📄 | 1 | 03/20/2017 | | Civil Cover | Event | |

◀◀ Back to Search

**Please be advised:**

The Miami-Dade Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office. This website does not provide legal advice of any kind. If you require legal advice, please consult a qualified attorney of your choosing.

Service through the Clerk's electronic access is not the official record of the Clerk. In order to assure the accuracy of the data or information, the Clerk's Office should be consulted regarding the Official Court Record.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services (https://www2.miami-dadeclerk.com/Developers). To review the complete Miami-Dade County Disclaimer, follow this link: http://www.miamidade.gov/info/disclaimer.asp (http://www.miamidade.gov/info/disclaimer.asp)

Online Case Home (default.aspx)  |  Family Court Information (http://www.miami-dadeclerk.com/families_court.asp)  |
Probate Court Information (http://www.miami-dadeclerk.com/families_probate.asp)  |
Email (https://miamidadecounty.co1.qualtrics.com/SE/?SID=SV_bDvccbiqJBvQ2LH)  |
Login (/PremierServices/login.aspx?ReturnUrl=https://www2.miami-dadeclerk.com/ocs/Search.aspx)
Home (http://www.miami-dadeclerk.com/home.asp)  |  Privacy Statement (http://www.miamidade.gov/info/privacy_and_security.asp)  |     (http://www.miamidade.gov)
Disclaimer (http://www.miamidade.gov/info/disclaimer.asp)  |  Contact Us (http://www.miami-dadeclerk.com/contact.asp)  |
About Us (http://www.miami-dadeclerk.com/about.asp)
2015 Clerk of the Courts. All Rights reserved.

MIAMI-DADE COUNTY

S0142976